Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,972-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

JACLYN DUNCAN                               Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Jackson, Louisiana
Trial Court No. 53,470

Honorable William R. "Rick" Warren, Judge

* * * * *

LOUISIANA APPEALS AND                       Counsel for Appellant
WRIT SERVICE
By: Desiree Marie Valenti

DANIEL W. NEWELL                            Counsel for Appellee
District Attorney

P. NELSON SMITH, JR.
DARRELL ROBERT AVERY
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and ELLENDER, JJ.

**STEPHENS, J.,**

This criminal appeal arises out of the Second Judicial District Court, Parish of Jackson, State of Louisiana, the Honorable Rick Warren, Judge, presiding. Following a guilty plea, the trial court sentenced the defendant, Jaclyn Duncan, to concurrent terms of imprisonment at hard labor of two and five years. Ms. Duncan has appealed her sentence as excessive. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 16, 2024, Ms. Duncan was a passenger in a vehicle that was stopped in Hodge, Louisiana, for a traffic offense. She was searched, and methamphetamine was found. During a search of the vehicle's interior, a wallet containing Ms. Duncan's identification and a suboxone[1] strip was found.

On May 28, 2024, the defendant, Jaclyn Duncan, was charged by bill of information with one count of possession of a Controlled Dangerous Substance, Schedule II, methamphetamine, a violation of La. R.S. 40:967(C), and one count of possession of a Controlled Dangerous Substance, Schedule III, buprenorphine, a violation of La. R.S. 40:968(C). On that same date, Ms. Duncan entered a plea of not guilty to both charges. On August 5, 2025, a motion to suppress evidence was heard and denied by the trial court.

On September 16, 2025, Ms. Duncan withdrew her previous not guilty plea and entered a guilty plea after a *Boykin* colloquy with the trial court.

---

[1] Suboxone is a prescription medication which combines buprenorphine (a partial opioid agonist) and naloxone (an antagonist that blocks other opioids). Suboxone is a Schedule III narcotic (as it contains buprenorphine, an opioid), even when used therapeutically to treat opioid addiction.

The State agreed to dismiss a pending misdemeanor drug paraphernalia charge and not file a habitual offender bill of information. Ms. Duncan was advised of the statutory sentencing ranges at the time of her plea, but it was agreed that sentencing was to be left to the trial court's discretion pending completion of the pre-sentencing investigation ("PSI") report.

A sentencing hearing was held on December 2, 2025, and Ms. Duncan made a statement to the trial court. Ms. Duncan was sentenced by the court to two years' imprisonment at hard labor on count one (possession of methamphetamine) and five years' imprisonment at hard labor on count two (possession of buprenorphine). The sentences were ordered to run concurrently, and Ms. Duncan was given credit for time served. Defense counsel made an oral motion to reconsider, which was denied by the trial court. Ms. Duncan has appealed, urging excessiveness of sentence.

## DISCUSSION

Ms. Duncan contends that the five-year sentence imposed on count two was constitutionally excessive. The trial court's five-year sentence was the maximum that could have been imposed, notes Ms. Duncan. While the trial court did consider some of the sentencing factors under La. C. Cr. P. art. 894.1, Ms. Duncan contends that it did not properly weigh several mitigating factors which favored probation.

Both the PSI and her statement to the trial court show her to be an educated woman with a history of abandonment, abuse, addiction, and mental instability in need of treatment, not a five-year sentence of imprisonment, urges Ms. Duncan. She further points out that an abusive relationship of 30 years was the reason she took an excessive number of pills and got into a motor vehicle crash in which she sustained a traumatic brain

2

injury and partial blindness. Ms. Duncan thereafter had to relearn how to walk, talk, read, and write. She also notes her diagnosis of bipolar disorder.

According to Ms. Duncan, the trial court further failed to consider the undue hardship her incarceration will have on her seven children, three of whom are minors. Ms. Duncan claims that the record contradicts the erroneous finding of the trial court that "imprisonment would not entail excessive hardship to Ms. Duncan or her dependents." Instead, a restraining order is currently in place which prevents the children's father from seeing them, and the three minor children are in the care of their sick grandmother.

Ms. Duncan also urges that at no time did the trial court find or the PSI declare her to be the worst offender. Instead, the record shows her to be a victim of abuse, addiction, and mental and physical health problems. Ms. Duncan asserts that she was a passenger in a vehicle that was pulled over for a traffic violation; she was not perpetrating a violent offense. Her criminal history does not show her to be dangerous. The crimes to which she pled guilty—possession of CDS, Schedule II and III—do not cause or threaten serious harm. It is Ms. Duncan's position that incarceration at hard labor for the maximum term of five years is grossly out of proportion to the seriousness of the offense and needlessly inflicts further pain and suffering on someone who has endured hardship, abuse, and addiction.

According to the State, the five-year cumulative sentence (two-year and five-year sentences running concurrent for a total of five years) is lawful, within statutory limits, and was imposed by the trial court after consideration of the record. Both the two-year and the five-year hard labor terms were within statutory limits. The State notes that sentencing was deferred for the PSI, and Ms. Duncan gave a formal statement at sentencing.

The State emphasizes that article 894.1 does not require a mechanical recitation of all factors as long as the record reflects adequate consideration before the sentence is imposed. This was done, contends the State. The record contains both consideration of mitigating factors and explicit hardship findings. Ms. Duncan's disagreement with the weight given to particular factors does not establish error, urges the State.

Given that the methamphetamine was found on Ms. Duncan's person, the buprenorphine was in a wallet with her identification, and a prior Schedule II conviction, the five-year sentence does not shock the sense of justice nor is it grossly disproportionate, according to the State. The State urges this Court to affirm Ms. Duncan's convictions and sentences.

An appellate court uses a two-pronged approach in its review of a sentence for excessiveness. First, the record must show that the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. *State v. Andrews*, 56,402 (La. App. 2 Cir. 8/27/25), 419 So. 3d 432; *State v. Harper*, 54,173 (La. App. 2 Cir. 1/12/22), 332 So. 3d 799; *State v. Scroggins*, 52,323 (La. App. 2 Cir. 9/25/19), 280 So. 3d 841. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Andrews*, *supra*; *State v. Harper*, *supra*; *State v. Couch*, 53,956 (La. App. 2 Cir. 6/30/21), 321 So. 3d 541. The important elements that should be considered are the defendant's personal history, prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Harper*, *supra*; *State v. Couch*, *supra*.

Where a defendant has pled guilty to an offense which does not adequately describe her conduct or has received a significant reduction in personal exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Andrews, supra*; *State v. Harper, supra*.

Second, the court must determine whether the sentence is excessive by constitutional standards. *Id.* A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *Id*. For a sentence to be considered excessive by constitutional standards, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Andrews, supra*.

La. R.S. 40:968(C) provides that "[a]ny person who violates this Subsection shall be imprisoned, with or without hard labor, for not less than one year nor more than five years, and in addition, may be required to pay a fine of not more than five thousand dollars." La. R.S. 40:967(C)(2) provides that any person who knowingly or intentionally possesses a Schedule II CDS "with an aggregate weight of two grams or more but less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than five years and, in addition, may be sentenced to pay a fine of not more than ten thousand dollars."

First, the record shows the trial court's compliance with the requirements of La. C. Cr. P. art. 894.1. The sentencing hearing was held after a PSI was conducted. After going through Ms. Duncan's extensive criminal history, the trial court discussed the facts of the instant offenses and Ms. Duncan's social history, including her relationship with the father of her seven children, who are aged 11 to 23. The trial court took note of the defendant's educational background and lack of employment history. Part of this history also included Ms. Duncan's illicit drug use and mental illness diagnoses. The trial court also allowed Ms. Duncan's boyfriend to retrieve a written statement from her vehicle so her defense attorney could read it to the court prior to sentencing.

Next, we note that Ms. Duncan had a total sentencing exposure of ten years, as she pled guilty to two narcotics possession offenses. The maximum sentence of five years was imposed by the trial judge on count two, the buprenorphine possession conviction; however, the trial court imposed only a two-year sentence on count one, the methamphetamine possession conviction. This lesser sentence was ordered to run concurrently with the five-year term imposed on the other narcotics conviction. In addition to this significant benefit, the State agreed not to multi-bill Ms. Duncan and dropped another pending charge. We cannot say that this cumulative five-year sentence is either an abuse of the trial court's vast discretion or excessive by constitutional standards. This assignment of error is without merit.

6

## CONCLUSION

For the reasons set forth above, the convictions and sentences of the defendant, Jaclyn Duncan, are affirmed.

**AFFIRMED.**